# United States District Court
# District of Massachusetts

UNITED STATES OF AMERICA,

V.                                    MAGISTRATE JUDGE'S DOCKET NO.
                                      2007-M-0490RBC

DARWIN E. JONES,
    Defendant.

# *MEMORANDUM*
# *AND ORDER OF DETENTION*
# *PURSUANT TO 18 U.S.C. § 3142(e)*

COLLINGS, U.S.M.J.

Darwin E. Jones ("Jones" or "the defendant") appeared on August 13, 2007 with counsel for a detention hearing. He is charged with "knowingly" possessing a firearm and ammunition on January 3, 2007, having previously been convicted of a felony, in violation of 18 U.S.C. § 922(g)(1).

The purpose of a detention hearing is as stated in the statute - i.e., "...to

determine whether any condition or combination of conditions...(of release)

will reasonably assure the appearance of the person as required and the safety

of any other person and the community...".

It is important to note that the statute, 18 U.S.C. § 3142(e), contains a

presumption which is applicable to the case at bar.  The statute provides:

> In a case described in subsection (f)(1) of this section, a rebuttable
> presumption arises that no condition or combination of conditions
> will reasonably assure the safety of any other person and the
> community if such judicial officer finds that-
>
> > (1) the person has been convicted of a Federal offense
> > that is described in subsection (f)(1) of this section or
> > of a State or local offense that would have been an
> > offense described in subsection (f)(1) of this section if
> > a circumstance giving rise to Federal jurisdiction had
> > existed;
> >
> > (2) the offense described in paragraph (1) of this
> > subsection was committed while the person was on
> > release pending trial for a Federal, State or local
> > offense; and
> >
> > (3) a period of not more than five years has elapsed
> > since the date of conviction, or the release of the
> > person from imprisonment, for the offense described in
> > paragraph (1) of this subsection, whichever is later.

The instant case is one "...described in subsection (f)(1)..." of section

3142, specifically subsection (f)(1)(E).  Jones was convicted in the Dorchester

District Court on or about December 7, 2004 of, *inter alia,* possession of a Class

B substance with intent to distribute, that offense occurring on or about January 20, 2004. This is an offense described in 18 U.S.C. § 3142(f)(1)(C) if brought in federal court.

So, in the words of 18 U.S.C. § 3142(f)(1)(D), Jones has been convicted of "a...State...offense that would have been an offense described in subsection (f)(1) of this section if a circumstance giving rise to Federal jurisdiction had existed." Thus, the first requirement of the presumption has been met.

As to the second requirement, on the date he committed the January 20, 2004 offenses, he was on release from the Dorchester District Court for charges of possession of a firearm without a license and without an FID card and another charge of possession of a Class B substance with intent to distribute. These offenses originated on October 27, 2003, and on November 12, 2003, he was released on bail until his bail was revoked on January 21, 2004. Thus, he was on release on January 20, 2004.

Lastly, as to the third requirement, not more than five years have elapsed since December 7, 2004 when he was sentenced on the January 20, 2004 offenses.

Thus, it is presumed that no conditions or combination of conditions of release will reasonably assure the safety of other persons and the community.

Although the First Circuit has not had occasion to construe this presumption, I will assume that, if faced with the question, the First Circuit would construe it the same way it construed the second presumption contained in 18 U.S.C. § 3142(e) in the case of *United States v. Jessup,* 757 F.2d 378 (1 Cir., 1985). The presumption does not shift the burden of persuasion to the defendant; it does place a burden of production on the defendant, and even if evidence to meet that burden is produced, the presumption does not disappear. The Court is permitted to incorporate into the calculus Congress' judgment that defendants who have recently been convicted of felonies which were committed when they were on release (or bail) are dangerous and pose a particularly great risk to the safety of other persons and the community.

In the case instant case, the Court finds that the defendant has met his burden of production. Nevertheless, the defendant will be detained because the Court can find no conditions or combination of conditions of release which will reasonably assure the safety of other persons and the community.

Before discussing the reasons for this conclusion, the Court notes that if the only issue were risk of flight, the Court would set conditions of release which would involve electronic monitoring and the posting of the equity in real

estate by Ms. Catherine Hodge as proposed at the detention hearing. However, based on the circumstances of the defendant's arrest on July 3rd and his prior record, there are no conditions or combination of conditions of release which will reasonably assure the safety of other persons and the community.

First, as to the nature and circumstances of the offense, the defendant was arrested with a loaded .38 caliber revolver on the streets of Mattapan just before midnight on July 3, 2007. 18 U.S.C. § 3142(g)(1). The evidence against him is very strong; his conviction and subsequent incarceration in federal prison is highly likely. 18 U.S.C. § 3142(g)(2).

Second, his history and characteristics do not favor release. 18 U.S.C. § 3142(g)(3). He is 28 years old and unemployed. He was released from parole on December 28, 2006, just six months before the instant offense.

He has a substantial criminal history from firearm and narcotics offenses. In 1998 he was convicted of possession of a Class B Substance in the Brighton District Court from an offense which occurred in May, 1998. He was given a one-year suspended sentence, violated probation in 1999 and served the one year committed sentence. In July, 1998, he was arrested for assault with a dangerous weapon, again was given a one year suspended sentence, violated his probation and was ordered to serve a one year sentence concurrent with the

sentence imposed for the May 15, 1998 offense. In 1999 he was charged with possession of a Class D substance, was convicted and given a split sentence, served one year in jail, and thereafter violated probation twice.

In 2001, he was convicted in the Dorchester District Court with possession of both Class B and Class D substances and received a three month committed sentence.   In a separate case in 2001, he was convicted in the Dorchester District Court of assault and battery with a dangerous weapon and received a three month committed sentence concurrent.  Later in 2001, he was charged again with possession of a Class B substance and received a three month committed sentence concurrent.

In May, 2003, he was charged in the Dorchester District Court with possession of a Class B substance and received a probationary sentence.  In November, 2003, he was convicted in the Dorchester District Court with possession of a firearm without a permit and possession of a Class B substance and received a two and one-half year committed sentence.  In January, 2004, he was charged again with possession of a Class B substance and received a two year committed sentence concurrent.

So in sum, in the past nine years the defendant has received six prior convictions for Class B possession and distribution, one prior conviction for

illegal possession of a firearm, and two convictions for assault with a dangerous weapon. He has served prison time for some of these offenses and was last released from incarceration on December 21, 2005 and was on parole until December 28, 2006. Nevertheless, on July 3, 2007, six months after getting off of parole, he is on the streets with a loaded gun. His criminal behavior has been persistent, and none of the sanctions imposed for past conduct has deterred him.18 U.S.C. § 3142(g)(4).

The court, as specified, *supra,* is permitted to consider the presumption even though the defendant has met his burden of production. The Court does so in this case and incorporates into its analysis Congress' judgment that defendants who have recently been convicted of felonies which were committed when they were on release (or bail) are dangerous and pose a particularly great risk to the safety of other persons and the community.

In sum, the Court finds that there are no conditions or combination of conditions of release which will reasonably assure the safety of other persons and the community. This is so even if the conditions included electronic monitoring and/or Ms. Hodge putting up the considerable equity she has built up in her home. The facts which form the basis of this conclusion have been

proved by clear and convincing evidence.

Accordingly, pursuant to 18 U.S.C. § 3142(e), it is ORDERED that the defendant be, and he hereby is, DETAINED pending trial of the charge contained in the above-styled Complaint. Pursuant to 18 U.S.C. § 3142(e), the written findings of fact and a written statement of reasons for the detention are contained *supra.* Further pursuant to 18 U.S.C. § 3142(I), it is ORDERED that:

> (l)  The defendant be, and he hereby is, committed to the custody of the Attorney General for confinement in a corrections facility, separate, to the extent practicable, from persons awaiting or serving sentences or being held in custody pending appeal;
>
> (2)  The defendant be afforded reasonable opportunity for private consultation with his counsel; and
>
> (3)  On Order of a court of the United States or on request of an attorney for the Government, the person in charge of the corrections facility in which the defendant is confined deliver the defendant to an authorized Deputy U. S. Marshal for the purpose of any appearance in connection with a court proceeding.

Review of the within Detention Order may be had by the defendant filing a motion for revocation or amendment of the within Order pursuant to l8 U.S.C. § 3145(b).

*/s/ Robert B. Collings*

ROBERT B. COLLINGS

United States Magistrate Judge


Date: August 28, 2007.